Merrimack Probate Court,
No. 4383.

### In re George E. Amor Estate.

Argued March 1, 1955.

Decided March 25, 1955.

*George P. Cofran* and *Paul A. Rinden* (*Mr. Rinden* orally), for Priscilla Gowen.

*Donald G. Rainie* for the administrator w. w. a., furnished no brief.

*Charles H. Barnett, pro se,* furnished no brief.

KENISON, C. J. The doctrine of incorporation by reference is recognized in this jurisdiction but the principal reason why it cannot apply to this case is that the will did not refer to or identify the instrument of instructions to the executor (exhibit B). *Hastings* v. *Bridge,* 86 N. H. 247, 249; 1 Page, Wills (3d *ed.*) *s.* 249; *Souhegan National Bank* v. *Kenison,* 92 N. H. 117, 119. Since the attempt to incorporate the instrument of instructions into the will by reference was ineffective, the will cannot be affected by it. *Hills* v. *D'Amours,* 95 N. H. 130, 138. See *In re York Estate,* 95 N. H. 435, 437. Therefore the instrument of instructions can be effective only if it complies with the statute of wills. R. L., *c.* 350, *s.* 2; Laws 1943, *c.* 93, *s.* 2.

The valid execution of a will in this state has not been overburdened with common-law technicalities. *Welch* v. *Adams*, 63 N. H. 344. One who signs an acknowledgment of the testator's signature as a justice of the peace is considered as a proper attesting and subscribing witness to the will within the meaning of our statute of wills. "If technical reasons could be assigned for holding that there was not a compliance with the statute, they would not be entitled to prevail against the practical reasons for the opposite result." *Tilton* v. *Daniels*, 79 N. H. 368, 370. A vacillating and uncertain attesting witness in *Daley* v. *Judge of Probate*, 90 N. H. 381, did not overcome the presumption of the regular execution of a will which prevails here. *Edgerly* v. *Edgerly*, 73 N. H. 407. By the same token attesting witnesses are considered competent even though they may receive some indirect benefit under the will. *Cochran* v. *Brown*, 76 N. H. 9; *Leonard* v. *Stanton*, 93 N. H. 113. These cases indicate a definite policy of sustaining the execution of a will wherever possible and this policy is not of recent origin. *Marston* v. *Marston*, 17 N. H. 503; *Welch* v. *Adams*, 63 N. H. 344.

In spite of the policy of sustaining the execution of a will, the statute requires that the testator's will shall be attested and subscribed by three credible witnesses. R. L., c. 350, s. 2; Laws 1943, c. 93, s. 2. The instrument of instructions was witnessed by only one witness when it was first executed in 1941 and by only two witnesses when it was altered in 1952. The testamentary intent "must exist when the [instrument] is signed or acknowledged before and attested and subscribed by each of the necessary three witnesses." *Fleming* v. *Morrison*, 187 Mass. 120, 123. The record does not disclose that when the letter of instruction was signed in 1941 by the deceased that he had any testamentary intention. Having just executed a will that day he presumably knew the requisite formalities for a valid will. When he undertook to execute the letter of instruction as a will in 1952 only two witnesses subscribed. This was not a sufficient attestation under the statute of wills and was "without testamentary effect." *Ruel* v. *Hardy*, 90 N. H. 240, 246; *Hastings* v. *Bridge*, 86 N. H. 247, 250.

The precatory request in the instrument that the executor in his discretion settle the "outlawed account" in a reasonable manner was not a direct and unqualified promise to pay the account so as to remove the bar of the statute of limitations. See *Levensaler* v. *Batchelder*, 84 N. H. 192, 194; *Shepherd* v. *Thompson*, 122 U. S. 231, 235.

The answer to the first and second questions is "no" and no further answer is required for the third question.

*Remanded.*

All concurred.